**THE HAHN LEGAL GROUP**<sup>APC</sup>
ADRIENNE R. HAHN, SBN 136569
ahahn@hahnlegalgroup.com
DENISH M. MANDALIA, SBN 277905
dmandalia@hahnlegalgroup.com
2121 Rosecrans Avenue, Suite 4300
El Segundo, California 90245
T:(310)706-3400/F:(310)706-3440

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DALE WOODS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Corporation; DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No. 2:22-cv-02427-GHW-AFmx<br>District Judge: George H. Wu<br>Magistrate Judge: Alexander F. Mackinnon<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Complaint filed: November 15, 2021) |

TO: THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**IT IS HEREBY STIPULATED AND AGREED**, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitutes or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

    1.    This Order is meant to encompass all forms of disclosure which may

contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.   The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

3.   Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.   Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel), and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.   Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such records shall be made available to the designating party upon request.

6.   If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.   In the event that any question is asked at a deposition that calls for the

disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Oder.

8.  If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9.  With respect to any communications to the Court, including any pleadings, motions, or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by

dismissal or final judgment).

10. The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "*Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court and the contents shall not be examined except pursuant to further order of the Court.*"

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12. In the event that counsel for a party receiving documents, testimony or information designated as Confidential Material objects to such designation with respect to any or all of such items, counsel shall advise counsel for the designating party, in writing, of such objections to contest the applicability of this Order to such information by identifying the information contested. The parties shall have 14 days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, Counsel for the designating party shall have thirty (30) days following the 14 day meet and confer period to either (a) agree in writing to de-designate the documents, testimony or information pursuant to any or all of the designation objections and/or (b) file a motion with the Court seeking to uphold any or all designations on documents, testimony or information addressed by the designating objections. Documents, testimony or information that is subject to a

dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

//
//
//
//

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

Dated: April 11, 2023             **THE HAHN LEGAL GROUP**$^{APC}$

By: *Adrienne R. Hahn*
ADRIENNE R. HAHN
DENISH M. MANDALIA,
Attorneys for Defendant
TARGET CORPORATION

Dated: April   , 2023             THE WALLACE FIRM, PC

By: _____
BRADLEY S. WALLACE
THOMAS BURNS,
Attorneys for Plaintiff DALE WOODS

**IT IS SO ORDERED:**

Dated: ___4/27/2023_____   By:_____
U.S. MAGISTRATE JUDGE

6
STIPULATED PROTECTIVE ORDER

**PROOF OF SERVICE**
**[Pursuant to L.R.5-3.2.1]**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 2121 Rosecrans Avenue, Suite 4300, El Segundo, California 90245.

On April 11, 2023, I electronically filed and electronically served the following document pursuant to Local Rule, Rule 5-3.2.1: DECLARATION OF ADRIENNE R. HAHN

Said document was served upon the following parties, via electronic email I sent to the following addressees, through their attorneys of record, as follows:

Bradley S. Wallace, Esq.
Thomas Burns, Esq.
THE WALLACE FIRM, PC.
16000 Ventura Blvd., Suite 440
Encino, CA 91436
T: (818) 476-5998
F: (818) 476-5598
E: bradley@wallacefirm.email
E: thomas@wallacefirm.email
E: ariana@wallacefirm.email
E: delia@wallacefirm.email
***Attorneys for Plaintiff DALE WOODS***

Further, pursuant to Local Rule, Rule 5-3.2.1," Service. Upon the electronic filing of a document, a "Notice of Electronic Filing" ("NEF") will be automatically generated by the CM/ECF System and sent by e-mail to: (1) all attorneys who have appeared in the case in this Court and who have consented to receive service through the CM/ECF System, and (2) all pro se parties who have been granted leave to file documents electronically in the case pursuant to L.R. 5-4.1.1 or who have appeared in the case and are registered to receive service through the CM/ECF System pursuant to L.R. 5-3.2.2. Unless service is governed by F.R.Civ.P. 4 or L.R. 79-5.3, service with this electronic NEF will constitute service pursuant to the Federal Rules of Civil and Criminal Procedure, and the NEF itself will constitute proof of service for individuals so served.

I declare and certify under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2023 at El Segundo, California.

_____
AYANNA M. HERVEY